UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------------ X | |
| In re: : | |
| : | Case No. 16-12043 (SHL) |
| **45 JOHN LOFTS, LLC** : | |
| : | Chapter 11 |
| Debtor, : | |
| ------------------------------------------------------------ X | |
| **45 JOHN LOFTS, LLC,** : | |
| : | |
| Plaintiff, : | Adv. Pro. No. 17-01179 (SHL) |
| : | |
| -against- : | |
| : | |
| **MERIDIAN CAPITAL GROUP LLC, CROWN** : | |
| **MANSION LLC, BO JIN ZHU, MEGA** : | |
| **INTERNATIONAL COMMERCIAL BANK,** : | BC 22,0015 |
| **CONGREGATION KAHAL MINCHAS** : | |
| **CHINUCH, CHAIM SCHIYA BABAD,** : | |
| **RELIABLE ABSTRACT CO., LLC,** : | |
| **ABRAHAM MANDEL, TOBY MANDEL,** : | |
| **SILVER GOLD GROUP LLC, JOSEPH** : | |
| **BRUNNER, JOSEPH SEGEL, DAVID** : | |
| **JANKLOWICZ, MORRIS LOWY,** : | |
| **MITCHELL KIRSCHNER, JERRY LOWY,** : | |
| **ISAAC GREENFELD, AND RENATUS** : | |
| **PORTFOLIO COMPANY, LLC,** : | |
| : | |
| Defendants. : | |
| ------------------------------------------------------------ X | |

## JUDGMENT AS TO DEFENDANTS BO JIN ZHU AND CROWN MANSION LLC

UPON the failure of defendants Bo Jin Zhu ("Zhu"), and Crown Mansion LLC ("Crown Mansion") (collectively, the "Defaulting Defendants"), following repeated instructions and direction of the Court to comply with all provisions and requirements to prepare for trial in this Adversary Proceeding; including the failure of the Defaulting Defendants to provide any proposed exhibits, statement of undisputed facts, witness list or witness declarations and their failure to exercise good faith efforts to comply with such Order; and

597862-2                                                              1

Whereas, on February 21, 2022, the Court entered a Scheduling and Pre-Trial Order in this Adversary Proceeding [ECF No. 87] (the "PTO");

Whereas, the PTO noted that all discovery had been completed in this Adversary Proceeding and scheduled trial in this case starting on March 29, 2022, at 10:00 AM to continue, if necessary, on March 30 and 31, 2022 at the United States Bankruptcy Court for the Southern District of New York in Room 701 at One Bowling Green, New York, N.Y. and the PTO set forth the following obligations of the parties in anticipation of trial:

- there will be a final pre-trial conference on March 17, 2022, PTO ¶ 4; and

- "[i]n advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book, shall have identified any exhibits whose admissibility is not agreed and will have made a good faith attempt to reach an agreement as to undisputed facts. To this end, plaintiff shall forward to Trial Defendants a Statement of Undisputed Facts ("SOUF") on or before February 7, 2022. Trial Defendants shall submit responses to the SOUF to counsel for plaintiff on or before February 21, 2022, and the parties shall use best efforts to agree upon a SOUF by February 28, 2022." PTO ¶ 5; and

- on or before March 15, 2022, "the parties shall have exchanged proposed witness lists;" PTO ¶ 6; and

- on or before March 22, 2022, "the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 5 hereof," PTO ¶ 7.

Whereas, by letter dated March 9, 2022 [ECF No. 88], counsel for the plaintiff informed the Court, among other things, that the Defaulting Defendants had failed to comply with the PTO by 1) not responding to the SOUF circulated by the plaintiff and 2) not conferring with plaintiff regarding the SOUF and trial exhibits; and

Whereas, the Court held a hearing on March 16, 2022 regarding the pretrial deadlines in this case, at which time counsel for the plaintiff noted that the Defaulting Defendants had ignored the pretrial deadlines in the case, counsel for the Defaulting Defendants responded by stating that he took no issue with the representations of plaintiff's counsel as to the failure to comply and stated that he had lost the ability to communicate with his clients who were not participating and not responding, and the Court directed the parties to comply with the requirements of the PTO and scheduled another hearing on the matter for March 18, 2022; and

Whereas, at the hearing on March 18, 2022 (the "3/18 Hearing") the Court determined that the Defaulting Defendants had not fulfilled any of the requirements of the PTO or the Court's direction at the hearing on March 16, 2022, and noted that the Defaulting Defendants failed to personally appear to the hearing; and

Whereas, the Court took further note that the Defaulting Defendants previously had taken an active role in the litigation, including filing a motion to dismiss in the case [ECF No. 16], in mediation, and in litigation [ECF No. 61]; and

Whereas, given the failure to comply with the PTO by the Defaulting Defendants and the entire record of the proceeding, the Court issued an Order to Show Cause dated March 18, 2022 [ECF No. 90] (the "OSC"); and

Whereas, the OSC noted the Defaulting Defendants' failure "to: a) submit a Statement of Undisputed Facts, as required by the [PTO] entered in this Adversary Proceeding [ECF No. 87];

and b) provide to the Plaintiff a list of proposed witnesses as required by the PTO; and c) submit a list of witnesses for trial, as required by the direction (the '3/16 Order') of the Court at a hearing on March 16, 2022 (the '3/16 Hearing'); and where the Court determined at a hearing of March 18, 2022 (the '3/18 Hearing') that the Defendants still had not fulfilled the requirements of the PTO or the 3/16 Order as set forth above; and where a trial in the Adversary Proceeding is scheduled to commence on March 29, 2022; and where, at the 3/18 Hearing, the Plaintiff requested that the Court impose sanctions on the Defendants resulting from the conduct described above; and where the Court directed the Plaintiff to submit an Order scheduling a hearing to determine the sanctions the Court should impose against the Defendants as a result of the aforementioned violations of the PTO and the 3/16 Order, including, but not limited to, the entry of default judgment against some or all of the Defendants;" and

Whereas, the OSC directed that 1) the Defaulting Defendants show cause at a hearing on March 23, 2022 (the "3/23 Hearing"), pursuant to Local Bankruptcy Rule 9020-1, Bankruptcy Rule 9020, and Section 105(a) of the Bankruptcy Code, why sanctions should not be imposed against the Defaulting Defendants, including judgment against the Defaulting Defendants; 2) "objection to the relief sought in the [OSC] shall be in writing and filed with the Bankruptcy Court no later than March 22, 2022 at 3:00 P.M." (the "OSC Objection Deadline"); and

Whereas, consistent with the terms of the OSC, the OSC was served on Defaulting Defendant Zhu via text notification and by express mail at his last known home address and by email and ECF upon his attorney, Jeremy Rosenberg, Esq., all as set forth in the Declaration of Service and Affidavit of Service [ECF Nos. 91, 92]; and

Whereas the OSC was served upon Defaulting Defendant Crown Mansion through its attorney, Jeremy Rosenberg, Esq., by e-mail and ECF; and by express mail, to the address set forth

with the Department of State and the Yellow Pages, all as set forth in the Affidavit of Service and Declaration of Service [ECF Nos. 91, 92]; and

Whereas the Defaulting Defendants, did not interpose an objection or response to the OSC; and

Whereas at the 3/23 Hearing, counsel for the Defaulting Defendants appeared and the Defaulting Defendants did not appear; and the Court found the Defaulting Defendants failed to cure or attempt to cure their continuing violations of the PTO and the 3/16 Order; and

Whereas said Defaulting Defendants failed to interpose any objection to the relief sought in the OSC and counsel for the Defaulting Defendants acknowledged receipt of the OSC;

Whereas, an attorney (Mr. Widell) appeared at the 3/23 hearing and purported to represent a party (Ms. Chin) who represented that she might be a 99% equity holder of one of the Defaulting Defendants (Crown Mansion) but did not provide information about her exact relationship to the Crown Mansion and did not file an written response to the OSC, and the Court concluded for the reasons stated on the record at the 3/23 hearing that this last minute appearance did not provide a basis to adjourn the trial that was scheduled in six days, with the reasons including but not limited to the fact that: 1) Crown Mansion was represented at the hearing by Mr. Rosenberg, who had been representing Crown Mansion during the case, *see* Answer of Crown Mansion, filed by Mr. Rosenberg [ECF No. 61], 2) that Crown Mansion was served at the address specified by the New York State Secretary of State; and 3) that the corporate disclosure statement of Crown Mansion set forth ownership of Crown Mansion of more than 10% each by two entities, neither of whom was Ms. Chin [ECF No. 19]; and

Whereas, for all the reasons stated on the record and the entire record of proceedings, the Court granted the OSC at the 3/23 Hearing, determining that the conduct of Defaulting Defendants

Zhu and Crown Mansion justified the imposition of sanctions, including the entry of a judgment against each of them; and

Whereas, the Court did not enter a written order to grant relief to Plaintiff against the Defaulting Defendants while the trial in this case was yet to be concluded but the trial has now been completed and no one appeared at the trial for any of the Defaulting Defendants; and

Whereas Fed. R. Bankr. P. 7016, incorporates Fed. R. Civ. P. 16, which incorporates Fed. R. Civ. P. 37, authorizing and allowing Bankruptcy Courts to impose sanctions against defendants for failure to comply with pre-trial orders, including the striking of an answer and entry of a judgment, *See* Fed. R. Civ. P. 7037(b)(2)(A)(vi); *In re Syzmanski*, 344 B.R. 891, 894 (Bankr. N.D. Ind. 2006); and where "all litigants … have an obligation to comply with court orders …." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009) (citation and internal quotation marks omitted) (alternation in original); and in considering whether dismissal is appropriate under Fed. R. Civ. P. 37, courts are to consider the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.*; and where Defaulting Defendants failed to make a good faith effort to provide a SOUF by February 21, 2022, as required by the PTO, more than five weeks prior to the commencement of, and through the date of Trial; and where the OSC states that the sanctions that would be considered against the Defaulting Defendants included the entry of a judgment; and where Defaulting Defendants did not appear at the Trial or request to participate in the Trial; and where plaintiff would be prejudiced if it was required to conduct another trial, as a second trial would delay administration of the estate, including distribution to creditors, require the estate to incur the additional expense

of another trial, and may lead to inconsistent findings of fact and conclusions of law; and where the balancing of the court's interest in managing its docket exceeds Defaulting Defendants' interest to be heard, since the Defaulting Defendants willfully disregarded the PTO, the 3/16 Order and the OSC, *Gesualdi v. Metro. Enterprises, Inc.*, 2016 WL 6988830, at *2 (E.D.N.Y. Nov. 29, 2016) (holding that a defendant's failure to comply with a discovery order and refusal to meaningfully participate in the litigation was willful behavior); *Mateo v. Universal Language Corp.*, 2014 WL 4983697, at *3 (E.D.N.Y. Oct. 6, 2014) (striking the answer of a defendant that had missed several conferences and had ceased participation in discovery and settlement negotiations); and where the Court has considered sanctions less drastic that entry of a judgment but concludes that there is no remedy adequate to address the conduct of Defaulting Defendants short of entry of a judgment, *see Houghton v. Culver*, 467 Fed. App'x 63, 65–66 (2d Cir. 2012) (willful or conscious disregard for order may justify the sanction of dismissal under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)); *cf. Ali v. Dainese USA, Inc.*, 2021 WL 5999203, at *19 (S.D.N.Y. Dec. 17, 2021) (denying defendant's request to dismiss the case despite plaintiff's failure to comply with numerous discovery deadlines and a court order); and

Whereas, the Debtor has presented evidence to the Court sufficient to establish that the Debtor is entitled to damages in the amount of $2,827,312.77 for which both Defaulting Defendants are jointly and severally liable, *see* Dong Trial Declaration ¶ 28 [ECF No. 96] ("In accordance with instructions from Schwartz and Kriss & Feuerstein, Riverside wired $19,672,687 to the law firm of Herrick Feinstein LLP (the attorneys for Renatus), and $2,827,312 to Defendant Mega to satisfy a mortgage it held on property of Defendant Crown Mansion LLC, which mortgage loan was personally guaranteed by Defendant Zhu."); *see* Feuerstein Trial Declaration ¶¶ 12–13 [ECF No. 98] ("Accordingly, on September 19, 2014, K&F sent email instructions to Riverside

597862-2                                                              7

which stated that, 'From the aggregate funds you will receive from my firm and from the borrower . . . you will thus be sending Herrick $19,672,687.23 and Mega Bank $2,827,312.77 …' (Exhibit G annexed hereto)). The reference to Herrick is to the firm of Herrick Feinstein LLP, the law firm that represented the seller of the Zhu limited liability interests, and that the payment of $2,827,312.77 to Mega Bank was for the satisfaction of a mortgage held by Mega International Commercial Bank ("Mega") on properly owned by Crown Mansion LLC in which Zhu had an interest"); *see* Feuerstein Trial Declaration, Exh. G (email dated September 19, 2014, from Avraham R. Schacter, Esq. of Kriss & Feuerstein LLP to Rivka Cohen of Riverside Abstract instructing her to wire funds received to Mega Bank in the amount of $2,827,312.77); *see* Greenwald Trial Declaration, Exh. D (pages 14, 21 of 139) [ECF No. 99] (Schedule of Disbursements listing a disbursement to Mega International in the amount of $2,827,312.77 and letter following the Schedule reiterating instructions to wire $2,827,312.77 to Mega International); *see* Lee Trial Declaration ¶ 21 [ECF No. 101] ("On September 19, 2014 at around or approximately 4:55 P.M., Mega received a wire payment in the amount of $2,827,312.77 for the payoff and assignment of its Loan to Brooklyn Realty.") it is hereby;

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have judgment against and may recover from Defendant Bo Jin Zhu, the amount of $2,827,312.77, plus post-judgment interest, pursuant to 28 U.S.C. § 1961, and that Plaintiff shall have execution thereon to the extent that such damages have not already been recovered as against other Defendants; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have judgment against and may recover from Defendant Crown Mansion LLC, the amount of $2,827,312.77, plus post-judgment interest, pursuant to 28 U.S.C. § 1961, and that Plaintiff shall

have execution thereon to the extent that such damages have not already been recovered as against other Defendants.

Judgment signed and entered this 27th day of May, 2022.

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE