Hearing Date: July 28, 2022 @ 10:00 A.M.
Objection Date: July 21, 2022 @ 5:00 P.M.

**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, New York 10019
(212) 981-2300
Eric J. Snyder, Esq.

**SILVERMAN SHIN & BYRNE PLLC**
88 Pine Street, 22nd Floor
New York, New York 10005
(212) 779-8600
Peter R. Silverman, Esq.

Counsel to Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- X
In re:

45 JOHN LOFTS, LLC

Case No. 16-12043 (SHL)

Chapter 11

                              Debtor.
------------------------------------------------------------- X
45 JOHN LOFTS, LLC,

                              Plaintiff,          Adv. Pro. No. 17-01179 (SHL)

-against-

MERIDIAN CAPITAL GROUP LLC, CROWN
MANSION LLC, BO JIN ZHU, MEGA
INTERNATIONAL COMMERCIAL BANK,
CONGREGATION KAHAL MINCHAS
CHINUCH, CHAIM SCHIYA BABAD,
RELIABLE ABSTRACT CO., LLC, ABRAHAM
MANDEL, TOBY MANDEL, SILVER GOLD
GROUP LLC, JOSEPH BRUNNER, JOSEPH
SEGEL, DAVID JANKLOWICZ, MORRIS
LOWY, MITCHELL KIRSCHNER, JERRY
LOWY, ISAAC GREENFELD, AND RENATUS
PORTFOLIO COMPANY, LLC,

                              Defendants.
------------------------------------------------------------- X

## NOTICE OF HEARING ON MOTION OF DEBTOR TO CORRECT JUDGMENT

**PLEASE TAKE NOTICE** that on June 28, 2022, 45 John Lofts, LLC, the plaintiff and

Debtor herein filed a motion (the "Correction Motion"), pursuant to Fed. R. Civ. P. 60, incorporated

into Rule 9024 of the Federal Rules of Bankruptcy Procedure, to correct the judgment entered by

the Court on May 27, 2022. A hearing (the "Hearing") on the Correction Motion is scheduled for

**July 28, 2022 at 10:00 A.M.** (the "Hearing Date")

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Bankruptcy Court's

Emergency Procedures during Covid-19 Pandemic, participants must register for the Hearing using

the Court Appearance link on the Court's website: www.nysb.uscourts/gov/ecourt-appearances;

The hearing shall take place using a Zoom link that will be sent to parties prior to the Hearing Date.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the granting of the

Correction Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure,

all General Orders of the Court, and the Local Rules of the Bankruptcy Court for the Southern

District of New York, shall set forth the name of the objecting party, the basis for the objection and

the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance

with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of

the Bankruptcy Court's case filing system and by all other parties in interest, and shall be served

upon: (i) Wilk Auslander LLP, 825 Eighth Avenue, 29th Floor, New York, NY 10019, Attn: Eric

J. Snyder, Esq.; and (ii) Silverman Shin & Byrne PLLC, Wall Street Plaza, 88 Pine St., 22nd Fl.,

New York, NY 10005, Attn: Peter Silverman, so as to be filed and received no later than **July 21,**

**2022 at 5:00 p.m.** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if a written objection to the Correction

Motion is not received by the Objection Deadline, the relief requested shall be deemed

2

unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a

Hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to participate

in the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
      June 28, 2022

**WILK AUSLANDER LLP**

By:    /s/ Eric J. Snyder
        Eric J. Snyder, Esq.
      825 Eighth Avenue, 29th Floor
      New York, NY 10019
      (212) 981-2300

**SILVERMAN SHIN & BYRNE PLLC**

By:    /s/ Peter R. Silverman
        Peter R. Silverman
      Wall Street Plaza
      88 Pine Street, 22nd Floor
      New York, New York 10005
      (212) 779-8600

      *Counsel for the Plaintiff*

**WILK AUSLANDER LLP**
825 Eighth Avenue, 29th Floor
New York, New York 10019
(212) 981-2300
Eric J. Snyder, Esq.

**SILVERMAN SHIN & BYRNE PLLC**
88 Pine Street, 22nd Floor
New York, New York 10005
(212) 779-8600
Peter R. Silverman, Esq.

Counsel to Plaintiff

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

........................................................................................ X

In re:


45 JOHN LOFTS, LLC

Case No. 16-12043 (SHL)

Chapter 11

Debtor.

........................................................................................ X

45 JOHN LOFTS, LLC,


Plaintiff,                          Adv. Pro. No. 17-01179 (SHL)


-against-


MERIDIAN CAPITAL GROUP LLC,
CROWN MANSION LLC, BO JIN ZHU,
MEGA INTERNATIONAL
COMMERCIAL BANK,
CONGREGATION KAHAL MINCHAS
CHINUCH, CHAIM SCHIYA BABAD,
RELIABLE ABSTRACT CO., LLC,
ABRAHAM MANDEL, TOBY
MANDEL, SILVER GOLD GROUP

605155-2

100055216.1

LLC, JOSEPH BRUNNER, JOSEPH
SEGEL, DAVID JANKLOWICZ,
MORRIS LOWY, MITCHELL
KIRSCHNER, JERRY LOWY, ISAAC
GREENFELD, AND RENATUS
PORTFOLIO COMPANY, LLC,

Defendants.

-------------------------------------------------------------------------X

## MOTION BY DEBTOR TO CORRECT JUDGMENT

45 John Lofts, LLC, the debtor herein (the "Debtor"), by its counsel, files this motion

(the "Motion"), pursuant to Federal Rule of Bankruptcy Procedure ("FRCP") 60(a),

incorporated into Federal Rule of Bankruptcy Procedure 9024, seeking to correct the

Judgment entered by the Bankruptcy Court on May 27, 2022 [ECF # 114] in the amount of

$2,827,312.77 (the "Judgment Amount"). In support of the Motion, the Debtor states as

follows:

### BASIS FOR THE MOTION

1.  The Judgment herein in the amount of $2,827,312 defines defendants Bo Jin Zhu and

Crown Mansion LLC collectively as the "Defaulting Defendants" and does not reference or

define the remaining defendants in this action. However, the last two paragraphs of the

Judgment limits any recovery against each of the Defaulting Defendants to "the extent such

damages have not been recovered against other Defendants." The Debtor's estate has already

collected $3.2 Million in settlements against the other defendants in this action and construing

the term "Defendants" as including the other defendants would render the judgment a nullity.

2.  The Debtor does not believe that such an outcome was the Court's intent and insertion

of the phrase "the other Defaulting Defendant" in place of "other Defendants" would clarify

the quoted provision. Furthermore,   limiting the Judgment's enforcement to sums collected

2

from other Defendants, violates §550(a) of the Bankruptcy Code. That statute authorizes the Debtor to recover the property transferred or its value. Here, the value of the transfers sought in this proceeding equals $11,480,000 [Complaint, ¶1], more than $8 Million in excess of the Judgment Amount. While § 550(d) limits the trustee ability to recovers sums in excess of the $11,480,000 transfer, the law is clear that amounts received from other defendants only reduces potential recovery under §550(a) in relation to the *total* amount sought, not the amount sought from a particular defendant.

3.    Therefore, Defendant seeks a correction of the Judgment to properly reflect its rights and the Court's intentions under §550(a) of the Bankruptcy Code.

## BACKGROUND

4.    During 2008, defendant Mega International loaned Wu Towers the sum of $7,000,000, secured by the real property located at 134-39-139-51 Maple Avenue, Flushing, New York. Declaration of Stewart W. Lee (¶¶5, 6)(ECF # 101). During 2013, Wu Towers conveyed its interest in the property to defendant Crown Mansion. At that time, the loan documents were modified reflecting Crown Mansion as the obligor for the sum of $2,700,000 and defendant Zhu the guarantor of that amount. Mega also filed a Form UCC-1 reflecting Mega as a secured party covering all of his assets of Zhu. (Second) ¶¶3-5.

5.    During May, 2014, Crown Mansion defaulted on its loan to Mega and Mega demanded payment from both Crown Mansion and Zhu. On September 19, 2014, Mega received a wire equal to $2,827,312.77 from Riverside Abstract. *Id.,* at ¶21.  This sum originated from the $14,330,000 Downpayment received from contract vendee HS 45 John and the refinancing of four other properties then controlled by Miller and Sprei. Judgment, pp. 7-8; Greenwald Declaration, ¶10(iv), Ex. D. A Form UCC-3 was then filed releasing the Zhu UCC-1. Lee

Declaration, §D.

6.   During 2017, the Debtor commenced this adversary proceeding by filing a Complaint against numerous defendants, including Crown Mansion and Zhu, seeking the return of the $11,480,00 of the Downpayment the Debtor received from HS 45 John. The Complaint sought recovery from both Crown Mansion and Zhu with respect to the $2,827,312.77 payment. Complaint, ¶¶71-74, Counts IX-XVI.

7.   On May 27, 2022, the Bankruptcy Court entered a Judgement against Crown Mansion and Zhu in the Judgment Amount. A copy of the Judgment is annexed hereto as Ex. A. The last two paragraphs of the Judgment state as follows:

> **ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have judgment against and recover from Defendant Bo Jin Zhu, the amount of $2,827,312.77, plus post-judgment interest, pursuant to 28 U.S.C. 1961, and that Plaintiff shall have execution thereon *to the extent such damages have not been recovered as against other Defendants*; and it is further

> **ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have judgment against and recover from Defendant Crown Mansion LLC, the amount of $2,827,312.77, plus post-judgment interest, pursuant to 28 U.S.C. 1961, and that Plaintiff shall have execution thereon and that Plaintiff shall have execution thereon *to the extent such damages have not been recovered as against other Defendants.*

(emphasis added)

9.   The term "Defendants", although capitalized in these two paragraphs, is not otherwise defined in the Judgment.

4

# ARGUMENT

**The Judgment Should be Corrected to Clarify the Court's Intention as to Meaning of the Last Two Decretal Paragraphs.**

### A. Standard for Relief Under Rule 60(a)

10. The appropriate vehicle to correct the Judgment to reflect the Court's intention is FRCP 60(a) which provides, in relevant part: that [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. Fed.R.Civ.P. 60(a). Notably, Rule 60(a) "imposes no time limitations." *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir.1995).

11. "The general purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court." *Highland Capital Mgt., L.P. v. Schneider,* 2008 WL 3884363, at *14 (S.D.N.Y. Aug. 20, 2008) (internal quotation marks and citations omitted); *see also Dudley ex rel. Estate of Patton v. Penn–America Ins. Co.,* 313 F.3d 662, 665 (2d Cir.2002) (holding that where a party's motion seeking an amended judgment to include an award of prejudgment interest did not invoke a specific Federal Rule of Civil Procedure, the district court correctly construed it as a motion under Rule 60(a), since the amended judgment "did not affect substantive rights" but "merely corrected a judicial oversight, namely the district court's failure to include the monetary award in the Original Judgment").

12. Rule 60(a) "permits the correction not only of clerical mistakes, but also of inadvertent errors arising from oversight or omission." *In re Marc Rich & Co. A.G.,* 739 F.2d 834, 836 (2d Cir.1984) (internal quotation marks and citation omitted). Thus, "[a] motion under Rule 60(a) is

available only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." *Hodge v. Hodge,* 269 F.3d 155, 158 (2d Cir.2001) (internal quotation marks and citation omitted); *Pietras v. Bd. of Fire Comm'rs,* 94 CIV 0673(DRH), 2009 WL 1797135 (E.D.N.Y. June 24, 2009).

13. The Second Circuit has explained that the "heart of the distinction between an error that is correctable under Rule 60(a) and one that is not is that a correction under Rule 60(a) cannot alter the substantive rights of the parties, but rather may only correct the record to reflect the adjudication that was actually made." *Dudley,* 313 F.3d at 675 (citation omitted). Rule 60(a) "is not meant to provide a way for parties to relitigate matters already decided, to change errors in what a court has deliberately done, or to attempt to establish a right to relief which the court has not previously recognized." *Peyser v. Searle Blatt & Co., Ltd.,* 2003 WL 1610772, at *1 (S.D.N.Y. Mar. 24, 2003) (quoting *Employers Mut. Cas. Co. v. Key Pharms., Inc.,* 886 F.Supp. 360, 363 (S.D.N.Y.1995), *aff'd* 75 F.3d 815 (2d Cir.1996)).

14. The Second Circuit has taken a broad view of Rule 60(a), allowing modification of a judgment for the purposes of enforcement in *Robert Lewis Rosen Assocs., Ltd. v. Webb,* 473 F.3d 498 (2d Cir.2007). "Other circuits generally agree that Rule 60(a) relief is proper to the extent that it does not deviate from the original intent of the court." *Garamendi v. Henin,* 683 F.3d 1069, 1079 (9th Cir.2012). The Federal Circuit has stated: "Courts enjoy broad discretion to correct clerical errors in previously issued orders in order to conform the record to the intentions of the court and the parties." *Agro Dutch Indus. Ltd. v. United States,* 589 F.3d 1187, 1192 (Fed.Cir.2009) (emphasis added) (citing *Robert Lewis Rosen Assocs.,* 473 F.3d at 504–05 & n. 11).

15. In that case, the Federal Circuit relied, in part, on Rule 60(a) to approve the trial court's correction of the effective date of an injunction because, although the date in the original injunction had been chosen deliberately, the intent of the injunction would have been better served by the corrected date. *See id.* at 1192–93.

16. In sum, then, Rule 60(a) allows a court to clarify a judgment in order to correct a "failure to memorialize part of its decision," to reflect the "necessary implications" of the original order, to "ensure that the court's purpose is fully implemented," or to "permit enforcement." "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement ... this broad rule does not allow a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.' " *Garamendi,* 683 F.3d at 1080 (9th Cir.2012), *citing Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992) (citation omitted).

17. Therefore, in the present case, seeking relief under FRCP 60(a) to correct the Judgment is the appropriate vehicle to reflect the intention of the Court as to the sums it may collect from defendants Crown Mansion and Zhu.

**B. The Relief Sought Satisfies FRCP 60(a).**

18. As set forth above, since the Debtor has already collected sums in excess of the Judgment Amount, the Judgment could be read to render it a nullity. For this reason, the Debtor seeks to correct the Judgment to satisfy both §550(a) of the Bankruptcy Code and the Court's intentions.

19. Section 550(a) provides that "to the extent that a transfer is avoided under [S]ection 544, 545, 547, 548, 549, 553(b), or 724(a) [of the Bankruptcy Code], the trustee may recover, for the

605155-2                                    7

100055216.1

benefit of the estate, the property transferred, or, if the court so orders, the value of such property ...." 11 U.S.C. § 550(a).

20. Under §550(d) of the Bankruptcy Code, a debtor in possession may recover "only a single satisfaction under [section 550(a) ]." 11 U.S.C. § 550(d). "Thus, although the trustee can sue many defendants, his total recovery is limited to the initial transfer or its value." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Sec. Investor Prot. Corp.)*, 568 B.R. 481, 486-87 (Bankr. S.D.N.Y. 2017).   Section 550(d) only applies where transfers have already been avoided and recovered under Section 550(a) and one of its triggering sections.  *See In re CNB Int'l, Inc.*, 440 B.R. 31, 45-46 (W.D.N.Y. 2010) ("Under the plain language of [Section 550(d) ], [t]he trustee is entitled to only a single satisfaction under [Section 550(a) ].... *But the amounts recovered by the Trust in settlement from other parties are independent of the amount of [the defendant's liability] ....*") (citations and internal quotations omitted)(emphasis added). *In re 45 John Lofts*, 599 B.R. 730, 749 (Bankr. S.D.N.Y. 2019).

21. The Complaint seeks recovery of $11,480,000 which was transferred to or for the benefit of the eighteen defendants. The Debtor has recovered $3,200,000 from twelve of the other defendants. [ECF # 82] Therefore, the application of §550(d) does not limit recovery of the Judgment Amount.

22. For this reason, Debtor seeks to correct the last clause of the two paragraphs of the Judgment from "and that Plaintiff shall have execution thereon to the extent [the Judgment Amount] ha[s] not been recovered as against other Defendants" to either: a) and that Plaintiff shall have execution thereon to the extent [the Judgment Amount] ha[s] not been recovered as against [the] other [Defaulting] Defendant[]" or: b) "and that Plaintiff shall have execution thereon reduced to the extent of any amounts recovered from other defendants [in this action in excess of

$8,652,687.23]". The Debtor believes either proposed correction maintains Debtor's rights under

§550(a), satisfies the limitations of §550(d) and reflects the intention of the Court.

23. No prior request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

It is respectfully requested that the Court correct the Judgment as set forth above and for

such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       June 28, 2022

                              **WILK AUSLANDER LLP**

                              By:     /s/ Eric J. Snyder
                                      Eric J. Snyder, Esq.
                              825 Eighth Avenue, Suite 2900
                              New York, NY 10019
                              (212) 981-2300

                              *Counsel for Plaintiff/Debtor*

                              **SILVERMAN SHIN & BYRNE PLLC**

                              By:     Peter R. Silverman
                                        Peter R. Silverman
                              Wall Street Plaza
                              88 Pine Street, 22nd Floor
                              New York, New York 10005
                              (212) 779-8600

                              *Special Counsel for Plaintiff*

Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In re:                                                          :

                                                                :   Case No. 16-12043 (SHL)

**45 JOHN LOFTS, LLC**                                          :

                                                                :   Chapter 11

                               Debtor,                          :

---------------------------------------------------------------- X

**45 JOHN LOFTS, LLC,**                                         :

                                                                :

                               Plaintiff,                       :   Adv. Pro. No. 17-01179 (SHL)

                                                                :

-against-                                                       :

                                                                :

**MERIDIAN CAPITAL GROUP LLC, CROWN**                           :

**MANSION LLC, BO JIN ZHU, MEGA**                               :

**INTERNATIONAL COMMERCIAL BANK,**                              :        BC 22,0015

**CONGREGATION KAHAL MINCHAS**                                  :

**CHINUCH, CHAIM SCHIYA BABAD,**                                :

**RELIABLE ABSTRACT CO., LLC,**                                 :

**ABRAHAM MANDEL, TOBY MANDEL,**                                :

**SILVER GOLD GROUP LLC, JOSEPH**                               :

**BRUNNER, JOSEPH SEGEL, DAVID**                                :

**JANKLOWICZ, MORRIS LOWY,**                                    :

**MITCHELL KIRSCHNER, JERRY LOWY,**                             :

**ISAAC GREENFELD, AND RENATUS**                                :

**PORTFOLIO COMPANY, LLC,**                                     :

                                                                :

                               Defendants.                      :

---------------------------------------------------------------- X

## JUDGMENT AS TO DEFENDANTS BO JIN ZHU AND CROWN MANSION LLC

UPON the failure of defendants Bo Jin Zhu ("Zhu"), and Crown Mansion LLC ("Crown

Mansion") (collectively, the "Defaulting Defendants"), following repeated instructions and

direction of the Court to comply with all provisions and requirements to prepare for trial in this

Adversary Proceeding; including the failure of the Defaulting Defendants to provide any proposed

exhibits, statement of undisputed facts, witness list or witness declarations and their failure to

exercise good faith efforts to comply with such Order; and

597862-2                                        1

Whereas, on February 21, 2022, the Court entered a Scheduling and Pre-Trial Order in this Adversary Proceeding [ECF No. 87] (the "PTO");

Whereas, the PTO noted that all discovery had been completed in this Adversary Proceeding and scheduled trial in this case starting on March 29, 2022, at 10:00 AM to continue, if necessary, on March 30 and 31, 2022 at the United States Bankruptcy Court for the Southern District of New York in Room 701 at One Bowling Green, New York, N.Y. and the PTO set forth the following obligations of the parties in anticipation of trial:

- there will be a final pre-trial conference on March 17, 2022, PTO ¶ 4; and

- "[i]n advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book, shall have identified any exhibits whose admissibility is not agreed and will have made a good faith attempt to reach an agreement as to undisputed facts.   To this end, plaintiff shall forward to Trial Defendants a Statement of Undisputed Facts ("SOUF") on or before February 7, 2022. Trial Defendants shall submit responses to the SOUF to counsel for plaintiff on or before February 21, 2022, and the parties shall use best efforts to agree upon a SOUF by February 28, 2022." PTO ¶ 5; and

- on or before March 15, 2022, "the parties shall have exchanged proposed witness lists;" PTO ¶ 6; and

- on or before March 22, 2022, "the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 5 hereof," PTO ¶ 7.

Whereas, by letter dated March 9, 2022 [ECF No. 88], counsel for the plaintiff informed the Court, among other things, that the Defaulting Defendants had failed to comply with the PTO by 1) not responding to the SOUF circulated by the plaintiff and 2) not conferring with plaintiff regarding the SOUF and trial exhibits; and

Whereas, the Court held a hearing on March 16, 2022 regarding the pretrial deadlines in this case, at which time counsel for the plaintiff noted that the Defaulting Defendants had ignored the pretrial deadlines in the case, counsel for the Defaulting Defendants responded by stating that he took no issue with the representations of plaintiff's counsel as to the failure to comply and stated that he had lost the ability to communicate with his clients who were not participating and not responding, and the Court directed the parties to comply with the requirements of the PTO and scheduled another hearing on the matter for March 18, 2022; and

Whereas, at the hearing on March 18, 2022 (the "3/18 Hearing") the Court determined that the Defaulting Defendants had not fulfilled any of the requirements of the PTO or the Court's direction at the hearing on March 16, 2022, and noted that the Defaulting Defendants failed to personally appear to the hearing; and

Whereas, the Court took further note that the Defaulting Defendants previously had taken an active role in the litigation, including filing a motion to dismiss in the case [ECF No. 16], in mediation, and in litigation [ECF No. 61]; and

Whereas, given the failure to comply with the PTO by the Defaulting Defendants and the entire record of the proceeding, the Court issued an Order to Show Cause dated March 18, 2022 [ECF No. 90] (the "OSC"); and

Whereas, the OSC noted the Defaulting Defendants' failure "to: a) submit a Statement of Undisputed Facts, as required by the [PTO] entered in this Adversary Proceeding [ECF No. 87];

17-01179-shl   Doc 114   Filed 05/27/22   Entered 05/27/22 15:47:47   Main Document
Pg 5 of 9

with the Department of State and the Yellow Pages, all as set forth in the Affidavit of Service and Declaration of Service [ECF Nos. 91, 92]; and

Whereas the Defaulting Defendants, did not interpose an objection or response to the OSC; and

Whereas at the 3/23 Hearing, counsel for the Defaulting Defendants appeared and the Defaulting Defendants did not appear; and the Court found the Defaulting Defendants failed to cure or attempt to cure their continuing violations of the PTO and the 3/16 Order; and

Whereas said Defaulting Defendants failed to interpose any objection to the relief sought in the OSC and counsel for the Defaulting Defendants acknowledged receipt of the OSC;

Whereas, an attorney (Mr. Widell) appeared at the 3/23 hearing and purported to represent a party (Ms. Chin) who represented that she might be a 99% equity holder of one of the Defaulting Defendants (Crown Mansion) but did not provide information about her exact relationship to the Crown Mansion and did not file an written response to the OSC, and the Court concluded for the reasons stated on the record at the 3/23 hearing that this last minute appearance did not provide a basis to adjourn the trial that was scheduled in six days, with the reasons including but not limited to the fact that: 1) Crown Mansion was represented at the hearing by Mr. Rosenberg, who had been representing Crown Mansion during the case, *see* Answer of Crown Mansion, filed by Mr. Rosenberg [ECF No. 61], 2) that Crown Mansion was served at the address specified by the New York State Secretary of State; and 3) that the corporate disclosure statement of Crown Mansion set forth ownership of Crown Mansion of more than 10% each by two entities, neither of whom was Ms. Chin [ECF No. 19]; and

Whereas, for all the reasons stated on the record and the entire record of proceedings, the Court granted the OSC at the 3/23 Hearing, determining that the conduct of Defaulting Defendants

597862-2                                    5

Zhu and Crown Mansion justified the imposition of sanctions, including the entry of a judgment against each of them; and

Whereas, the Court did not enter a written order to grant relief to Plaintiff against the Defaulting Defendants while the trial in this case was yet to be concluded but the trial has now been completed and no one appeared at the trial for any of the Defaulting Defendants; and

Whereas Fed. R. Bankr. P. 7016, incorporates Fed. R. Civ. P. 16, which incorporates Fed. R. Civ. P. 37, authorizing and allowing Bankruptcy Courts to impose sanctions against defendants for failure to comply with pre-trial orders, including the striking of an answer and entry of a judgment, *See* Fed. R. Civ. P. 7037(b)(2)(A)(vi); *In re Syzmanski*, 344 B.R. 891, 894 (Bankr. N.D. Ind. 2006); and where "all litigants ... have an obligation to comply with court orders ...." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation and internal quotation marks omitted) (alternation in original); and in considering whether dismissal is appropriate under Fed. R. Civ. P. 37, courts are to consider the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.*; and where Defaulting Defendants failed to make a good faith effort to provide a SOUF by February 21, 2022, as required by the PTO, more than five weeks prior to the commencement of, and through the date of Trial; and where the OSC states that the sanctions that would be considered against the Defaulting Defendants included the entry of a judgment; and where Defaulting Defendants did not appear at the Trial or request to participate in the Trial; and where plaintiff would be prejudiced if it was required to conduct another trial, as a second trial would delay administration of the estate, including distribution to creditors, require the estate to incur the additional expense

of another trial, and may lead to inconsistent findings of fact and conclusions of law; and where

the balancing of the court's interest in managing its docket exceeds Defaulting Defendants'

interest to be heard, since the Defaulting Defendants willfully disregarded the PTO, the 3/16

Order and the OSC, *Gesualdi v. Metro. Enterprises, Inc.*, 2016 WL 6988830, at *2 (E.D.N.Y.

Nov. 29, 2016) (holding that a defendant's failure to comply with a discovery order and refusal

to meaningfully participate in the litigation was willful behavior); *Mateo v. Universal Language

Corp.*, 2014 WL 4983697, at *3 (E.D.N.Y. Oct. 6, 2014) (striking the answer of a defendant that

had missed several conferences and had ceased participation in discovery and settlement

negotiations); and where the Court has considered sanctions less drastic that entry of a judgment

but concludes that there is no remedy adequate to address the conduct of Defaulting Defendants

short of entry of a judgment, *see Houghton v. Culver*, 467 Fed. App'x 63, 65–66 (2d Cir. 2012)

(willful or conscious disregard for order may justify the sanction of dismissal under Fed. R. Civ.

P. 16(f) and Fed. R. Civ. P. 37(b)); *cf. Ali v. Dainese USA, Inc.*, 2021 WL 5999203, at *19

(S.D.N.Y. Dec. 17, 2021) (denying defendant's request to dismiss the case despite plaintiff's

failure to comply with numerous discovery deadlines and a court order); and

Whereas, the Debtor has presented evidence to the Court sufficient to establish that the

Debtor is entitled to damages in the amount of $2,827,312.77 for which both Defaulting

Defendants are jointly and severally liable, *see* Dong Trial Declaration ¶ 28 [ECF No. 96] ("In

accordance with instructions from Schwartz and Kriss & Feuerstein, Riverside wired $19,672,687

to the law firm of Herrick Feinstein LLP (the attorneys for Renatus), and $2,827,312 to Defendant

Mega to satisfy a mortgage it held on property of Defendant Crown Mansion LLC, which mortgage

loan was personally guaranteed by Defendant Zhu."); *see* Feuerstein Trial Declaration ¶¶ 12–13

[ECF No. 98] ("Accordingly, on September 19, 2014, K&F sent email instructions to Riverside

which stated that, 'From the aggregate funds you will receive from my firm and from the borrower
. . . you will thus be sending Herrick $19,672,687.23 and Mega Bank $2,827,312.77 ...' (Exhibit
G annexed hereto)). The reference to Herrick is to the firm of Herrick Feinstein LLP, the law firm
that represented the seller of the Zhu limited liability interests, and that the payment of
$2,827,312.77 to Mega Bank was for the satisfaction of a mortgage held by Mega International
Commercial Bank ("Mega") on properly owned by Crown Mansion LLC in which Zhu had an
interest"); *see* Feuerstein Trial Declaration, Exh. G (email dated September 19, 2014, from
Avraham R. Schacter, Esq. of Kriss & Feuerstein LLP to Rivka Cohen of Riverside Abstract
instructing her to wire funds received to Mega Bank in the amount of $2,827,312.77); *see*
Greenwald Trial Declaration, Exh. D (pages 14, 21 of 139) [ECF No. 99] (Schedule of
Disbursements listing a disbursement to Mega International in the amount of $2,827,312.77 and
letter following the Schedule reiterating instructions to wire $2,827,312.77 to Mega International);
*see* Lee Trial Declaration ¶ 21 [ECF No. 101] ("On September 19, 2014 at around or approximately
4:55 P.M., Mega received a wire payment in the amount of $2,827,312.77 for the payoff and
assignment of its Loan to Brooklyn Realty.") it is hereby;

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have
judgment against and may recover from Defendant Bo Jin Zhu, the amount of $2,827,312.77, plus
post-judgment interest, pursuant to 28 U.S.C. § 1961, and that Plaintiff shall have execution
thereon to the extent that such damages have not already been recovered as against other
Defendants; and it is further

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff 45 John Lofts LLC, does have
judgment against and may recover from Defendant Crown Mansion LLC, the amount of
$2,827,312.77, plus post-judgment interest, pursuant to 28 U.S.C. § 1961, and that Plaintiff shall

597862-2                                    8

17-01179-shl    Doc 114    Filed 05/27/22    Entered 05/27/22 15:47:47    Main Document
Pg 9 of 9

have execution thereon to the extent that such damages have not already been recovered as against other Defendants.

Judgment signed and entered this 27th day of May, 2022.


*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE