USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED:____________

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM BABAD and CONGREGATION KAHAL MINCHAS CHURCH,

Defendants-Appellants,

-against-

45 JOHN LOFTS, LLC,

Plaintiff-Appellee.

1:23-cv-10238 (MKV)

**OPINION & ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Appellants initiated this action on November 21, 2023 by filing an appeal of a judgment in Case No. 16-12043, Adversary Proceeding Adv. Pro. No. 17-01179 in the Bankruptcy Court of the Southern District of New York. [ECF No. 1]. Months prior, the same Appellants had initiated a separate bankruptcy appeal action in this Court by filing an appeal of an order from the same case in the Bankruptcy Court of the Southern District of New York. *See In Re: 45 John Lofts,* LLC, Case No. 1:23-cv-5357-MKV. I accepted the two cases as related on November 21, 2023. The parties in both cases are the same and the issues are largely the same. In the case filed first, the Appellants appeal a money judgment, and, in the above-captioned case, Appellants appeal an order granting the turnover of funds in partial satisfaction of the same bankruptcy judgment. Since filing the notice of appeal in the above-captioned case and designating the record on appeal more than a year ago, Appellants have not perfected their appeal. Appellants are in default of their procedural obligations, having failed to file a statement of the issues or a brief by the deadlines set out in Federal Rules of Bankruptcy Procedure 8009(a). *See In re Tampa Chain Co., Inc.,* 835 F.2d 54, 55 (2d Cir. 1987). In contrast, all documents were filed in the related case in which it appears the issues with respect to both cases have been fully briefed. Accordingly, this Court ordered that on or before January 2, 2025, Appellant shall show cause why this case should not be dismissed for

failure to timely file a brief, pursuant to Federal Rules of Bankruptcy Procedure 8009(a). [ECF No. 9] (citing *In re Bressler,* No. 20 CIV. 8815 (NSR), 2022 WL 4538425, at *2 (S.D.N.Y. Sept. 28, 2022)). Appellant was warned that "failure to comply with [the] Order. . . the FRBP, . . . or other obligations . . . may result in . . . dismissal or preclusion of claims, defenses, arguments, or evidence." [ECF No. 9]. The deadline has passed and Appellant has not responded.

The time limitations of the Bankruptcy Rules are not jurisdictional and, therefore, "the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020) (citing *Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.)*, 835 F.2d 54, 56 (2d Cir. 1987)). However, "the Second Circuit instructs that 'the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion.'" *Id.* (citing *Balaber-Strauss*, 835 F.2d at 56).

Courts within the Second Circuit, in determining whether dismissal of a bankruptcy appeal is appropriate, rely on the same factors relevant to the court's inherent authority to dismiss a claim pursuant to Fed. R. Civ. P. 41(b). *DeGennaro v. Crescent Elec. Supply Co., Inc. of New York*, No. 19-CV-10261 (PMH), 2020 WL 4349859, at *2 (S.D.N.Y. July 29, 2020).

Relevant factors include:

> (1) the duration of plaintiffs failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* After consideration of these factors, the Court finds that dismissal at Appellant's bankruptcy appeal is appropriate. This case has been pending with no brief for more than a year, with no explanation or excuse from the Appellant, even after Appellant received notice that further failure to prosecute may result in dismissal of the case. Further, while there is no evidence in the record that Appellee has been prejudiced, when a delay is "lengthy and inexcusable," prejudice may be presumed as a matter of law. *See U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 256 (2d. Cir. 2004). The Court has balanced the need to alleviate court congestion with a party's right to due process and determined dismissal appropriate and determined that no lesser sanctions are appropriate. *See Motors Liquidation Co.*, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020).

Accordingly, the above-captioned appeal is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

**Date: January 8, 2024**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**