Elizabeth Chen

Managing Member & Owner

Crown Mansion LLC

111 Great Neck RD

Great Neck, NY, 11021

Admin@ahs.us.com

Date: 08/13/2025

Hon. Sean H. Lane

United States Bankruptcy Judge

United States Bankruptcy Court

Southern District of New York

300 Quarropas Street
White Plains, NY 10601-4140

Re: 45 John Lofts, LLC v. Crown Mansion LLC, et al.

Adversary Proceeding No. 17-01179 (SHL)

Request for Return of Escrow Funds

To: The Honorable Court / Sheriff's Office

I am the sole Executive Director and duly authorized representative of Crown Mansion LLC, which is the defendant in the above-captioned matter. Enclosed herewith as **Exhibit A** is the Company's Operating Agreement confirming my authority.

On or about August 29, 2023, Your Honor ordered that Crown Mansion LLC obtain a bond within two weeks as a condition for staying the auction of its property (**Exhibit E**). In compliance with that order, the Company deposited $100,000 into the escrow account of Attorney William Zou for the purpose of purchasing the required bond. This sum was

paid directly by Crown Mansion, as evidenced by the wire transfer record attached as **Exhibit B**.

As Your Honor may recall, prior to the auction of the Maple Avenue property, the Court, upon Crown Mansion's motion, issued a Conditional Order Staying Auction (**Exhibit F**). That order required Attorney William Zou to hold and confirm receipt of the $100,000 escrow funds as security for any potential expenses arising during the stay of the auction. This established the temporary and exclusive purpose of the escrowed funds—namely, that they were to be used solely to cover necessary expenses incurred during the stay.

After the bond was submitted, the scheduled auction was formally cancelled (**Exhibit C**). Accordingly, the sole legal purpose of the escrow funds has been fully satisfied, and there is no longer any justification for their continued retention.

Furthermore, it is my understanding that in related proceedings in the **45 John Lofts case**, the Court has considered settlement arrangements involving Crown Mansion and Shengjia Consulting, which included the dismissal of Crown Mansion's claims. Therefore, I believe that there are currently no outstanding claims that require the continued holding of these escrow funds.

Since October 20, 2023, I and my staff have formally demanded in writing that Attorney Zou return the $100,000 (**Exhibit D**), and have made repeated attempts through other means of communication. Nevertheless, Attorney Zou has refused or failed to return the funds and has offered no lawful justification for withholding them. As an escrow attorney, Zou has a fiduciary duty to promptly return funds once their stated purpose has been fulfilled. His continued possession of the funds constitutes improper retention of company property.

Based on the foregoing, on behalf of Crown Mansion LLC, I respectfully request that the Court issue an order directing Attorney Zou to return the $100,000 escrow funds in full within fourteen (14) days, and further require him to submit proof of return to both the Court and Crown Mansion.

Thank you, Your Honor, for your attention to this matter. I stand ready to provide any additional documentation the Court may require.

Respectfully submitted,



Elizabeth Chen

Managing Member & Owner; Crown Mansion LLC

Exhibits:

Exhibit A – Operating Agreement of Crown Mansion LLC (authority proof)

Exhibit B – Wire transfer/Payment record for $100,000 to escrow

Exhibit C – Cancellation Notice

Exhibit D – Email/letter to Attorney William Zou demanding return of escrow

Exhibit E – Court Order

*Elizabeth Chen* (signature)

Exhibit A

"**Pledge Agreement**" means that certain Pledge Agreement, dated of even date with the Loan Agreement, by and between the Member, as pledgor, and Lender, as amended, restated, supplemented or otherwise modified from time to time.

"**Property**" shall have the meaning set forth in the Loan Agreement.

Section 15.    Intentionally left blank.

Section 16.    The Member and the Company shall not, so long as any of the Obligations are outstanding, amend, alter, change, waive or repeal Sections 8-14, Sections 18-19, Sections 26-34, or Exhibit A of this Agreement or any provision of this or any other document governing the formation or operation of the Company in a manner inconsistent with the provisions of Sections 8-14, Sections 18-19, Sections 26-34, or the Loan Agreement, unless the Lender consents thereto in writing. In the event of any conflict between any of the provisions of Sections 8 through 14, Sections 18-19, or Sections 26-34 hereof and any other provision of this or any other document governing the formation, management or operation of the Company, the provisions of Sections 8 through 14 shall control. So long as any of the Obligations remain outstanding, in the event of any conflict between any of the provisions of this Agreement and the Loan Agreement, the provisions of the Loan Agreement shall control.

Section 16.    Powers.    Subject to the terms hereof, the Company, and the Member on behalf of the Company, (i) shall have and exercise all powers necessary, convenient or incidental to accomplish its purposes as set forth in this Agreement and (ii) shall have and exercise all of the powers and rights conferred upon limited liability companies formed pursuant to the Act.

Section 18.    Management by Manager.    All Members hereby agree that the powers of the Company shall be exercised by or under the authority of, and the business affairs of the Company shall be managed under the direction of the Manager ("**Manager**"). Except as expressly provided herein or as otherwise required by law, the Manager shall have complete and exclusive control of the management of the Company's business and affairs, and the Members, other than the Manager, shall have no right to participate in the management of the conduct of the Company's business and affairs nor any power or authority to act for or on behalf of the Company in any respect whatsoever. Except as otherwise specifically provided in this Agreement, a single Manager shall have the right, power and authority on behalf of the Company and in its name to execute documents or other instruments and exercise all of the rights, power and authority of the Company under the Act, subject only to any express limitations set forth in this Agreement. The Initial Manager is **Elizabeth Chen**. The Manager shall hold office until his or her successor has been elected, or until his or her earlier death, resignation, or removal, which resignation or removal shall be subject to the prior written approval of Lender so long as any of the Obligations remain outstanding.

Section 19.    Officers.    The Member may, from time to time as it deems advisable, appoint officers of the Company (the "**Officers**") and assign in writing titles (including, without limitation, President, Vice President, Secretary, and Treasurer) to any such person. Any delegation pursuant to this Section 19 may be revoked at any time by the Member.

Section 20.    Limited Liability.    Except as otherwise expressly provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise,

10

Exhibit B

| BR: 00199 | DOMESTIC MONEY TRANSFER | BUS: 000 |
|---|---|---|
| 08/09/23 | CITIBANK REFERENCE NUMBER: | 2211019986 |
| SENDER INFORMATION | AMERICAN CHENGYI INVESTMENT MANAGEM<br>208 111 GREAT NECK ROAD GREAT NECK<br>NY   USA  11021<br><br>1   5167089353 | |
| BENEFICIARY INFORMATION | BILL ZOU & ASSOCIATES PLLC<br>ATTORNEY TRUST ACCOUNT<br><br>ACCOUNT:   4405429914 | |
| BENEFICIARY BANK INFORMATION | ABA#: 026013673<br>TD BANK, NA<br><br>                          NY | |

**PAGE 1 OF 2**

SPECIAL INSTRUCTIONS

| | |
|---|---|
| SOURCE ACCOUNT: | 006881680188 IMMA |
| AMOUNT OF WIRE: | 100000.00   BANK FEE:   55.00 |
| DATE OF REQUEST: | 08/09/23   CITIBANK REF NUM: 2211019986 |

BANKER:   P7333171JACO,MARILYN E

**PAGE 2 OF 2**

Exhibit C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
In re:                                                           :
                                                                 : Case No. 16-12043 (SHL)
45 JOHN LOFTS, LLC                                               :
                                                                 : Chapter 11
                                    Debtor,                      :
---------------------------------------------------------------- X
45 JOHN LOFTS, LLC,                                              :
                                                                 :
                                    Plaintiff,                   : Adv. Pro. No. 17-01179 (SHL)
                                                                 :
-against-                                                        :
                                                                 :
MERIDIAN CAPITAL GROUP LLC, CROWN                                :
MANSION LLC, BO JIN ZHU, MEGA                                    :
INTERNATIONAL COMMERCIAL BANK,                                   :
CONGREGATION KAHAL MINCHAS                                       :
CHINUCH, CHAIM SCHIYA BABAD,                                     :
RELIABLE ABSTRACT CO., LLC,                                      :
ABRAHAM MANDEL, TOBY MANDEL,                                     :
SILVER GOLD GROUP LLC, JOSEPH                                    :
BRUNNER, JOSEPH SEGEL, DAVID                                     :
JANKLOWICZ, MORRIS LOWY,                                         :
MITCHELL KIRSCHNER, JERRY LOWY,                                  :
ISAAC GREENFELD, AND RENATUS                                     :
PORTFOLIO COMPANY, LLC,                                          :
                                                                 :
                                    Defendants.                  :
---------------------------------------------------------------- X

ORDER GRANTING MOTION OF DEBTOR TO APPROVE
SETTLEMENT AND ASSIGNMENT AGREEMENT BY AND BETWEEN THE
DEBTOR, CROWN MANSION, LLC AND SHENGJIA CONSULTING
MANAGEMENT, LLC, PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9019

UPON the motion (the "Motion") of 45 John Lofts, LLC, the debtor herein, pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting

entry of an order approving the Settlement Agreement[1], a copy of which is attached to the Motion

---
[1] All capitalized terms herein that are undefined shall have the same mearings ascribed to them in the Motion.

100102502.1

as Exhibit "A" with respect to the Settlement Agreement between the Debtor, Crown Mansion, LLC ("Crown") and an assignment of the Judgment to Shengjia Consulting Management LLC ("Shengjia")[ECF # 172], settling the issues raised in this adversary proceeding as to Crown and assigning the Judgment to Shengjia; and where no party interposed an objection to the relief sought in the Motion; and it appearing that proper and sufficient notice of the relief sought in the Motion has been given; and it further appearing that the requested relief is reasonable and proper, and a hearing (the "Hearing") on the Motion having been held on September 28, 2023; and sufficient cause appearing to me therefor and due consideration having been given to the evidence set forth in the Motion and representations made at the Hearing; it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. The Settlement Agreement, a copy of which is annexed to Motion as Exhibit A, is approved.

3. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: White Plains, New York
       October 11, 2023

                              /s/ Sean H. Lane
                              HONORABLE SEAN H. LANE
                              UNITED STATES BANKRUPTCY JUDGE

100102502.1



Exhibit D

Gmail                                                                 Legal Department <legal@ahs.us.com>

## Escrow Monies
2 messages

---

**Lauren Kurland** <lauren@ahs.us.com>                                        Wed, Apr 24, 2024 at 12:46 PM
To: Bill Zou & Associates PLLC <zoulawoffice@yahoo.com>
Cc: Elizabeth Chen <echen@ahs.us.com>, Jerry Wang <jerrywang@ahs.us.com>, Legal Assistant <legal@ahs.us.com>

Bill,

Ms. Chen has instructed me to formally request the release of all escrow monies being held by your office forthwith, by attorney check, made payable to Elizabeth Chen, in the full amount of $100,000.00.

Ms. Chen has requested receipt within seven days from the date hereof. She does not authorize the release of any portions of this money; and is demanding the full $100,000.00 currently being held by your office in escrow, to be released to her in its totality.

Please remember your fiduciary responsibility as escrow agent.

Thank you for your anticipated cooperation.

Very Truly Yours,

Lauren

---

**Bill Zou & Associates PLLC** <zoulawoffice@yahoo.com>                        Wed, Apr 24, 2024 at 12:52 PM
To: Lauren Kurland <lauren@ahs.us.com>
Cc: Elizabeth Chen <echen@ahs.us.com>, Jerry Wang <jerrywang@ahs.us.com>, Legal Assistant <legal@ahs.us.com>

Dear Lauren, your request is respectfully rejected. All our outstanding legal fees shall be paid in full immediately before the end of this week, otherwise, there will be late charges and interests imposed.

Best regards,

Bill Zou & Associates PLLC
Attorneys at Law
136-20 38th Avenue, Suite 10D
Flushing, NY 11354

Tel:(718) 661-9562
Fax: (718) 661-2211

zoulawoffice@yahoo.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error, please notify us or the system manager. This message contains confidential and privileged information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

**\*\*WIRE FRAUD ALERT\*\* - DO NOT WIRE**

請不要电汇給任何人或賬戶，務必先要致电給我們办公室確認真實性。

**Never wire funds to any accounts including ours without calling our office to personally confirm wire information / authenticity. If at any time you should receive an email from this office or someone involved in the transaction, please call first to verify the information before initiating any wire transfers. All wire transfers are subject to verbal verification.**

[Quoted text hidden]

Exhibit E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
In re:                                                     :
                                                           : Case No. 16-12043 (SHL)
45 JOHN LOFTS, LLC                                         :
                                                           : Chapter 11
                             Debtor,                       :
---------------------------------------------------------- X
45 JOHN LOFTS, LLC,                                        :
                                                           :
                             Plaintiff,                    : Adv. Pro. No. 17-01179 (SHL)
                                                           :
-against-                                                  :
                                                           :
MERIDIAN CAPITAL GROUP LLC, CROWN                          :
MANSION LLC, BO JIN ZHU, MEGA                              :
INTERNATIONAL COMMERCIAL BANK,                             :
CONGREGATION KAHAL MINCHAS                                 :
CHINUCH, CHAIM SCHIYA BABAD,                               :
RELIABLE ABSTRACT CO., LLC,                                :
ABRAHAM MANDEL, TOBY MANDEL,                               :
SILVER GOLD GROUP LLC, JOSEPH                              :
BRUNNER, JOSEPH SEGEL, DAVID                               :
JANKLOWICZ, MORRIS LOWY,                                   :
MITCHELL KIRSCHNER, JERRY LOWY,                            :
ISAAC GREENFELD, AND RENATUS                               :
PORTFOLIO COMPANY, LLC,                                    :
                                                           :
                             Defendants.                   :
---------------------------------------------------------- X

## ORDER GRANTING CONDITIONAL STAY

Upon the Motion (the "Stay Motion") filed by Crown Mansion LLC ("Crown"), to stay the sale by the New York City Sheriff (the "Sheriff") scheduled for August 9, 2023 at 2:30 P.M. (the "Sheriff's Sale") of certain real property owned by Crown located at 134-49 & 51 Maple Avenue, Flushing, New York (the "Sheriff's Sale")[ECF # 159]; and where 45 John Lofts, LLC, the debtor and plaintiff herein ("Debtor" or "Plaintiff") interposed an objection to the Stay Motion (the "Objection")[ECF # 162]; and where there was a hearing

1

on the Stay Motion on August 8, 2023, which hearing was continued until August 9, 2023 at 11:30 A.M. (collectively, the "Hearings"); and upon consideration of the Motion, the Objection, representations made at the Hearings and the findings of fact and conclusions of law stated by the Court at the Hearings, and the entire record of the Stay Motion, all of which are incorporated herein; it is hereby

**ORDERED**, that Crown, by its counsel William Zou, Esq. ("Zou"), shall file a Declaration (the "Stay Declaration"), on or before the Sheriff's Sale, representing that he is holding the sum of $100,000 (the "Expense Escrow"); and it is further

**ORDERED**, the Expense Escrow shall secure and satisfy Debtor's actual expenses resulting from the stay of the Sheriff Sale (the "Stay Expenses"), including, but not limited to: a) the accrual of interest from August 9, 2023 until a determination by the District Court (the "DC Determination") of the appeal filed by Crown (23-CV-2484)(the "60(b) Appeal") of the order (the "60(b) Order")[ECF #146] entered by the Bankruptcy Court denying Crown's motion for relief under FRCP 60(b) (the "60(b) Motion") seeking to vacate the judgment (the "Judgment") entered by the Bankruptcy Court against Crown in favor of the Debtor [ECF# 114]; and b) if applicable, expenses related to re-noticing the Sheriff's Sale, including publication costs and fees that are due to the Sheriff resulting from the adjournment of the Sheriff's Sale; and it is further

**ORDERED**, that if Crown files the Stay Declaration or on before the Sheriff's Sale, the Sheriff's Sale shall be stayed (the "Initial Stay") until 11:59 P.M. on August 15, 2023 (the "Initial Stay Deadline"); and it further

**ORDERED**, that if Crown posts a bond (the "Bond") for the benefit of the Debtor: a) issued by a surety company licensed to do business in the State of New York (the

2

"Surety"); b) in an amount greater or equal to $2,912,000 (the "Current Judgment Amount"); and c) on or before the Initial Stay Deadline (collectively, the "Bond Requirements"), then the Initial Stay shall be extended through the DC Disposition (the "Extended Stay"); and it is further

**ORDERED**, if the DC Disposition results in an affirmance of the 60(b) Order, then the Extended Stay is dissolved and of no further force and effect and the Debtor may immediately take all step necessary to enforce the Judgment including: a) presenting the Bond to the Surety to satisfy the Judgment in the Current Judgment Amount; and b) remitting to Zou an itemization of Stay Expenses which Zou shall pay to counsel for the Debtor from the Expense Escrow within seven business days of receipt; and it is further

**ORDERED**, that if Crown fails to satisfy all of the Bond Requirements, the Initial Stay is dissolved as of the Initial Stay Deadline and of no further force and effect and the Debtor may immediately enforce the Judgment; and it is further

**ORDERED**, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
       August 11, 2023

                                    */s/ Sean H. Lane*
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTC JUDGE